1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ELLIOTT HIGGINS,<br><br>    Plaintiff,<br><br>    v.<br><br>CCHCS, et al.,<br><br>    Defendants. | Case No.  1:16-cv-01297-AWI-SAB- PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed September 1, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against Defendants California Correctional Health Care Services (CCHCS), and John and Jane Doe employees of CCHCS.

Plaintiff's sole claim in this action is that California Correctional Health Care Services impermissibly violated the privacy of Plaintiff and other inmates by disclosing their medical information in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).   Plaintiff specifically alleges that Defendant CCHCS and their employees breached their duty of care in to protect the confidential medical and mental health information of Plaintiff and other inmates.

**III.**

**DISCUSSION**

**A.    HIPAA**

Federal courts have found that HIPAA created no private right of action.  U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009)("HIPAA does not provide any private right of action."); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)("HIPAA itself provides no right of action."); University of Colorado Hosp. v. Denver Publ'g Co., 350 F.Supp.2d 1142, 1145 (D. Colo. 2004)(holding that HIPAA statutory text and structure display no intent to create a private right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy).  Put another way, only the government can bring a claim against a medical provider for violation of HIPAA.  This claim should therefore be dismissed.

**B.    Civil Rights Act**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff names as individual Defendants John and Jane Doe, but fails to charge them with any specific conduct other than a generalized allegation that they violated his privacy.   Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted).   To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff has failed to do so here. Defendants John and Jane Doe should therefore be dismissed.

1      **C.      Doe Defendants**

2      Plaintiff is advised that the Court cannot order service upon unidentified Defendants.

3 The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious

4 defendants." McMillan v. Department of Interior, 907 F.Supp. 32, 328 (D. Nev. 1995), aff'd, 87

5 F.3d 1320 (9th Cir. 1996), cert. denied, 519 U.S. 1132 (1997).  "As a general rule, the use of

6 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

7 Cir. 1980).  Because Plaintiff has failed to state a claim for relief against the Doe Defendants,

8 they should therefore be dismissed.  In his first amended complaint, Plaintiff must identify the

9 Doe Defendants.

10      **D.      Eleventh Amendment**

11      "The Eleventh Amendment prohibits federal courts from hearing suits brought against an

12 unconsenting state. Though it language might suggest otherwise, the Eleventh Amendment has

13 long been construed to extend to suits brought against a state by both its own citizens, as well as

14 by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053

15 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico

16 Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State

17 Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

18      The Eleventh Amendment bars suits against state agencies as well as those where the

19 state itself is named as a defendant.  Natural Resources Defense Council v. California

20 Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;

21 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of

22 Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles

23 Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   Defendant California

24 Correctional Health Care Services, an agency of the State of California, is therefore immune

25 from suit.

26 ///

27 ///

28 ///

1

2      **E.      Inmate Plaintiffs**

3          Plaintiff appears to bring this action on behalf of other inmate Plaintiffs. Plaintiff is

4      advised that parties representing themselves "must appear personally or by courtesy appearance

5      by an attorney admitted to the Bar of this Court and may not delegate that duty to any other

6      individual, including husband or wife, or any other party on the same side appearing without an

7      attorney." Local Rule 183(a). Any individuals who are not an attorney and not admitted to this

8      Court are precluded from appearing on behalf of anyone but them self. Johns v. Cnty. of San

9      Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d

10     696, 697 (9th Cir. 1987). Plaintiff, proceeding pro se on his own behalf, may bring this action

11     on his own behalf, but may not bring suit on behalf of any other individuals.

12     **F.      Medical Care**

13         The sole individual Defendants in this action are employed by CCHCS. Plaintiff has

14     failed to state a claim for relief on his claim of violation of privacy rights. To the extent that

15     Plaintiff claims that he is being denied adequate medical care, he is advised of the following.

16     While the Eight Amendment of the United States Constitution entitles Plaintiff to medical care,

17     the Eighth Amendment is only violated when a prison official acts with deliberate indifference to

18     an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012),

19     overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014);

20     Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096

21     (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to

22     treat [his] condition could result in further significant injury or the unnecessary and wanton

23     infliction of pain," and (2) that "the defendant's response to the need was deliberately

24     indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference

25     is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical

26     need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d

27     at 1096). The requisite state of mind is one of subjective recklessness, which entails more than

28     ordinary lack of due care. Snow, 681 F.3d t 985 (citation and quotation marks omitted);

1  Wilhelm, 680 F.3d at 1122.  In order to state a claim against the individual Defendants, Plaintiff

2  must allege facts indicating that each Defendant knew of and disregarded a serious medical

3  condition of Plaintiff's, resulting in injury to Plaintiff.

4  **IV.**

5  **CONCLUSION AND ORDER**

6  For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

7  be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll

8  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

9  suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,

10  607 (7th Cir. 2007)(no "buckshot" complaints).

11  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

12  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

13  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the

14  duties and responsibilities of each individual defendant whose acts or omissions are alleged to

15  have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

16  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

17  above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

18  Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

19  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

20  and must be "complete in and of itself without reference to the prior or superseded pleading,"

21  Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in

22  an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers

23  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

24  Based on the foregoing, it is HEREBY ORDERED that:

25  1.   The Clerk's Office shall send to Plaintiff a civil rights complaint form;

26  2.   Plaintiff's complaint, filed September 1, 2016, is dismissed for failure to state a

27      claim;

28  3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

1    A first amended complaint; and

2    4.    If Plaintiff fails to file an amended complaint in compliance with this order, the

3    Court will recommend that this action be dismissed, with prejudice, for failure to

4    state a claim and to obey a court order.

5

6    IT IS SO ORDERED.

7    Dated:   **September 30, 2016**

     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7