# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ELLIOTT HIGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICE,<br><br>    Defendant. | Case No. 1:16-cv-01297-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF STANDING<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Jonathan Elliott Higgins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed a complaint on September 1, 2016, which was dismissed for failure to state a claim on June 30, 2016. (ECF No. 8.) Plaintiff was ordered to file an amended complaint within thirty days. (Id.) On October 24, 2016, Plaintiff filed a first amended complaint. (ECF No. 9.) On January 12, 2017, Plaintiff filed a second amended complaint. (ECF No. 10.) On May 15, 2017, Plaintiff filed a third amended complaint. (ECF No. 13.)

Plaintiff is advised that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). In other words, Plaintiff must file a motion for leave to file an amended complaint before he files an amended complaint. As Plaintiff is proceeding pro se in this action, the Court shall consider Plaintiff's

1

third amended complaint as the operative pleading.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## THIRD AMENDED COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

("CDCR") and is housed at the California State Prison, Corcoran. Plaintiff brings this action against C. Cryer, Chief Executive Officer alleging deliberate indifference to his right to privacy. (Third Am. Compl. ("TAC") 3,[1] ECF No. 13.)

Plaintiff alleges that Defendant Cryer created a Department of Operations Procedure, Department Operations Manual ("DOM") 13030.30, which was followed by unknown defendants and resulted in his mental and medical health records being stolen. (TAC 3.) Plaintiff contends that the defendants had a duty to keep his confidential medical and mental health records safe, secure, and private and breached that duty by downloading the information onto a laptop which was placed in the unknown defendant's personal vehicle and the laptop was stolen. (TAC 4.) Plaintiff received a Notice of Data Breach on May 16, 2016, that confirmed that the aforementioned events occurred. (TAC 4.)

Plaintiff seeks a declaratory judgment that his right to privacy under the Fourth and Fourteenth Amendment were violated and monetary damages. (TAC 6.) Plaintiff also seeks appointment of counsel. (TAC 6.)

## IV.

## DISCUSSION

### A. Standing

Plaintiff alleges that he received a Notice of Data Breach on May 16, 2016. (TAC 4.) While the notice is not attached to the third amended complaint, the court notes that Plaintiff's complaint is similar to numerous other complaints recently filed in this court, and Plaintiff did attach the notice to his first amended complaint filed October 24, 2016. (ECF No. 9.) The Court takes judicial notice of the May 16, 2016 letter from the California Correctional Health Care Services ("CCHCS").[2] (ECF No. 9 at 13.)

The May 16, 2016 letter states that the CCHCS had identified a potential breach of information that occurred on February 25, 2016, when an unencrypted laptop was stolen from an

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

employee's personal vehicle. (ECF No. 9 at 13.) The laptop was password protected. (Id.) The letter identified the information that was involved as follows:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

(Id.)

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (" 'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.' " (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))). To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598-99 (1977), which "clearly encompasses medical information and its confidentiality," Norman-Bloodsaw v. Lawrence

Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) (citations omitted). "[T]he right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public." Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 789-90 (9th Cir. 2002) (citations omitted).

In this case, the Court finds that the disclosure of Plaintiff's medical information, as well as any resulting injury, is entirely speculative. While potential future harm can in some instances confer standing, a plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).

Plaintiff's allegations are based upon a notification which states that it is unknown whether any sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of Plaintiff's information is contained therein, is unknown. (ECF No. 9, at 13.) In other words, whether Plaintiff's sensitive information has even been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information and his claim for violation of his constitutional rights to privacy should be dismissed for lack of standing, without prejudice. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice). Plaintiff has identified no actual or concrete injury that would be sufficient to grant him standing in this action.

**B.     Deliberate Indifference**

Plaintiff alleges that Defendant Cryer was deliberately indifferent by creating a procedure, DOM 13030.30, that resulted in his mental and medical health records being stolen.

Prison officials may be held liable for actions taken in their official capacity if "'policy or custom' . . . played a part in the violation of federal law." McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713.

Plaintiff alleges that Defendant Cryer created a policy that resulted in his mental and medical health care records being stolen. However, Plaintiff has failed to allege facts from which the Court can reasonably infer that the referenced policy was responsible for a violation of Plaintiff's federal rights. Plaintiff fails to state a claim against Defendant Cryer for implementation of DOM 13030.30, and his official capacity claims should be dismissed.

**C.  State Law Claims**

Plaintiff alleges that the actions of the defendants violated his right to privacy under the California Constitution and requests that the Court rule on his state law privacy rights claims. Violations of state law do not provide a basis for federal jurisdiction. Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Because Plaintiff has failed to state a cognizable claim for relief under federal law, this Court should decline to exercise supplemental jurisdiction over Plaintiff's putative state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

Accordingly, it is recommended that this court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

/ / /

D.  **Appointment of Counsel**

Plaintiff seeks the appointment of counsel to represent him in this action. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court considers "whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.' " Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015) (citations omitted); Palmer, 560 F.3d at 970. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel." Wilborn, 789 F.2d at 1331.

The Court finds that his is not an exceptional action in which the appointment of counsel is warranted. Plaintiff lacks standing to proceed in this action and therefore there is not a likelihood that he would proceed on the merits of his claims. The Court therefore recommends that Plaintiff's motion to appoint counsel be denied.

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

Plaintiff's third amended complaint fails to state a cognizable claim. If a court finds that a complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her

complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In this case, leave to amend was previously granted in an abundance of caution. Nevertheless, as set forth above, Plaintiff's third amended complaint shows that he lacks standing and that further amendment would be futile because the notification Plaintiff bases his allegations on establishes only speculative injury that is neither real nor immediate. Because Plaintiff lacks standing to pursue his federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims and dismiss the complaint in its entirety.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without prejudice, for lack of standing;
2. Plaintiff's motion for the appointment of counsel be denied; and
3. The Clerk of Court be directed to terminate this action.

This findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 12, 2017**

UNITED STATES MAGISTRATE JUDGE